# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2017

Lyle W. Cayce
Clerk

No. 16-60380
Summary Calendar

EMMA DEL CARMEN ROMERO-MEJIA; DIEGO ALEJANDRO ALFARO-ROMERO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 879 511
BIA No. A206 879 512

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Emma Romero-Mejia and her grandson, Diego Alfaro-Romero, natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of asylum.  Section 1158(a) of title 8 of the United States Code permits the Attorney General to grant asylum to a refugee, i.e., a person who is outside her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

country and "unable or unwilling to return because of [past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (internal quotation marks omitted); 8 U.S.C. § 1101(a)(42)(A).   To demonstrate the requisite motivation for the alleged persecution, the alien must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* [her]." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted).

According to Romero-Mejia and Alfaro-Romero, the BIA applied the incorrect legal standard to conclude that the two failed to show that their membership in a family group was one central reason for their persecution by the MS-13 gang.  *See id.*  Romero-Mejia and Alfaro-Romero assert that the BIA's statement that the MS-13 gang targeted individual family members for "other distinct reasons," including money, recruitment, and retribution, constituted a new and more stringent nexus requirement.  We review this question of law de novo.  *See id.*  Our review indicates that the BIA used the phrase at issue, not as a new analytical framework, but rather to distinguish the gang's central reasons for its actions from motivations related to the immutable characteristics of the Romero family.  The BIA explicitly referenced the applicable legal standard and, although it did not restate that standard "word-for-word" in the analysis, the decision demonstrates that the BIA understood the standard and determined that Romero-Mejia and Alfaro-Romero failed to meet it.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 349-50 (5th Cir. 2002).  The petition for review is DENIED.